# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4930 | **DATE** | 8/29/2008 |
| **CASE TITLE** | Tyrrall Farrow Cannon (#T-91710) vs. United States of America, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff having "struck out" pursuant to 28 U.S.C. § 1915(g), he is denied leave to proceed *in forma pauperis*. The plaintiff must pay the full statutory filing fee of $350 within fifteen days of the date of this order. Failure to pay the $350 filing fee within fifteen days will result in summary dismissal of this case. *See* N.D. Ill. Local Rule 3.3(e).

■ **[For further details see text below.]**      **Docketing to mail notices.**

## STATEMENT

    The plaintiff, a California state prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983 and numerous other statutes. Although the rambling, 30-page complaint is difficult to follow, the plaintiff appears to be challenging both the legality of his incarceration and the conditions of his confinement in California. The plaintiff has filed suit in Illinois presumably on the basis that he is suing Illinois U.S. Senator Barack Obama, among others.

    The plaintiff has neither paid the statutory filing fee nor filed an application for leave to proceed *in forma pauperis*. A review of the U.S. Party/Case Index reveals that the plaintiff is barred from proceeding without paying the full statutory filing fee in advance.

    The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    At least three of Mr. Cannon's previous actions, all of which were filed while he was incarcerated or detained, have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Cannon v. California State Legislative Council*, Case No.
**(CONTINUED)**

mjm

**STATEMENT**

05 C 1005 (C.D. Cal.), Order of November 1, 2005 (Stotler, J.); *Cannon v. CDC*, Case No. 05 C 0046 (C.D. Cal.), Order of of September 28, 2005 (England, J.); and *Cannon v. California State Legislative Council*, Case No. 04 C 1005 (C.D. Cal.), Order of February 2, 2004 (Marshall, J.). The court notes that the U.S. Party/Case Index reflects forty-three prior civil rights and habeas actions filed by the plaintiff; this order lists only the first three cases the court examined that reflected dismissals which would constitute "strikes."

The plaintiff's current complaint does not involve imminent danger of serious physical injury. Rather, this lawsuit appears to be an end-run around seeking relief in California, where the plaintiff has evidently had little success. Accordingly, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $350 filing fee.

For the foregoing reasons, the court therefore denies the plaintiff leave to file *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). If the plaintiff fails to pay the $350 filing fee within fifteen days, the court will enter judgment dismissing this case in its entirety. *See* N.D. Ill. Local Rule 3.3(e). If the statutory filing fee is received within fifteen days, the court will conduct a threshold review of the complaint under 28 U.S.C. § 1915A.